CHARLES F. CLAIBORNE, JUDGE.
Plaintiff claims $242.25 balance of price of a shipment of lumber.
The defendant, the Vinegar Bend Lumber Company, through its agent in New Orleans, placed an order with the plaintiff, proprietor of the Madisonville Saw and Planing Mill, for a certain quantity of lumber of a specified quality, length, and prioe to be delivered at Mobile.^JTF.A.S., free at shipslde. The plaintiff accepted the order and measured and loaded the lumber at his mill at Madisonville upon three separate barges.
On Fehruary 26th. 1916.the barges left Madisonville for Mobile. On the same day the plaintiff mailed to the defendant detailed accounts of the quantity, quality and measurements of the lumber shipped, and at the same time drew on the defendants for $5237.40, whloh represented the Value of the shipment according to plaintiff's count, and notified defendants thereof.
The defendants did not acknowledge receipt of the specifications or invoice nor of the shipment nor of aatfciwg notice of the draft drawn upon them. The shipment nevertheless was received by them at Mobile.
They selected and retained and measured that part of the lumber which pleased them, and rejeoted and returned the balance to the plaintiff. Thereupon they remitted to plaintiff their checks for $4439.32 in full payment of the quantity of lumber which according to their measurement had been retained by them.
The plaintiff contends that the quantity of lumber returned by the defendants was of the value of only $ 555.83 which added to the ckeoks of | 4439.32 left a balance due to them of $ 242.25 Making a total of $ 5237.40
If plaintiff's measurement was correct, it is evident therefore that the defendants have retained more lumber than *88 they acknowledged, or that they have failed to return all the lumber they rejected, and this is the sole issue in the case.
Defendants denied any indebtedness to plaintiff.
There was judgment for the plaintiff and defendants have appealed.
The plaintiff testifies that according to the custom of the trade the .mill tally is understood to be the tally upon v/hioh lumber is sold; that when the rejected lumber was returned to him,-he made a tally of it, and sent a credit memorandum to the defendant company for <¡555.83; The company sent him a different tally showing the quantity they'claimed to have retained; they did not send him a tally of the lumber they had returned .
The, following witnesses testified to having tallied for account of the plaintiff at Madisonvllle the outbound lumber shipped from there to Mobile and the lumber returned. •
Frank B. Goldate tallied, in company with Koep, Eckell, and Cullum; they used the roller-stage system w.cich had the lengths marked upon it; the lumber was held even at one end of the stage and was measured by the lengths marked upon it; all the- lumber tallied by him was then loaded upon the three barges; he kept a. record of .his tallies in. Book No. 28 at pages 126-130, and in Book 32 at pages 11 to 15; the total of his tallies amounted to 138,771 feet; Cullum left Madisonvllle; does not know where he is; a record of Cullum's tallies of the outbound shipment to Mobile is contained In Book 33 at pages 23 to 26 and Book 34 at -pages 15 to 16; the total of his tallies amounts to 26,780 feet; the records of the Madisonvllle Mill show that the total number of feet of lumber returned by the defendants tallies 37,067 feet; the tallies made by Cullum of the shipment returned is contained in Book 32-at pages 23 to 27 and amounts to 15,659 feet; he also used the roller-stage system; neither he nor Cullum had any lumber inspector's license; no representative of defendant's assisted in making the tally.
To the same effect is the testimony of Eckel; his tally is in Book 34 at pages 11 to 20 and amounts to 92,009 feet--; he hns been in the employ of plaintiff fcr 36 years and has been *89 grading lumber for 25 years or more.
Koepp also tallied part of the shipment; his record is in*Book 33 at pages 17 to 21 and amounts to 89.832 feet; has been employed as tallyman for the last two years; is not in the employ of plaintiff; tallied this lumber as extra man.
According to these four witnesses the total amount shipped was 347,392 feet. Galatas also tallied; his record is in Book No. 32 on pages 23 to 27 and in Book No 33 on pages 27 to 30 and amounts to 21,408 feet, he tallied with Cullum, and Cullumfs tally amounts to 15,659 feet, making kngwklujx together 37,067 feet; they tallied all the lumber that was returned.
Joseph F. Ballam is a steamboat captain for the last 20 years; is in theemploy of Poitevent & Favre; never was in the employ of plaintiff; he conducted the two or three barges of lumber from Madisonville to Mobile and back; no lumber was taken off any of the barges from Madisonville to Mobile; some of the lumber was brought back from Mobile to Madisonville; whatever lumber was left on the barges or was put back on the barges was brought back ak to Madisonville;- there was none taken off from Mobile to Madisonville; the captains of the several barges whose duty is to look after the barges and their cargoes were on the barges on both trips.
For the defense E. W. Meeker, aged 39, is assistant cashier of the Galveston-San Antonio Railway and resides at El Paso, Texas; was lumber inspector for the defendant company at Mobile; had twenty years experience in measuring lumber; he measured the lumber received by the defendants in this case, and made a record of his tallies, and annexed them to his answers; they mount to 294,614 superficial feet; he made no tally of the Turner not retained and returned, and therefore does not know how any feet were rejected; a great number of pieces of lumber acked 2 to 5 inches to make a foot; each and every piece of umber that he accepted from these barges was measured with a od made from a two foot rule; all the lumber he rejected was eft on the barges; he was not the only one who tallied the lumer; cannot state the exact amount of feet tallied by him; for short time he had the Assistance of s. Sullivan; he tallied *90 about 60% of the shipment; it is a fact that lumber for export trade is out in both odd and even numbers; none of the lumber rejected was taken off of the barges; he made no tally of the rejected lumber.
Silva, agent of defendant, is engaged in the lumber business since 1878; saya the rod is the most accurate way to measure lumber; the roller-stage method is not as accurate and is used when in a hurry; it is done a great deal on the Hew Basin; in the absence of agreement, lumber is measured at the point of delivery.
R. H. Hackney testified that the best method of measurement was "to get a rod and get the actual length of the piece, get the dimensions thickness and width"; although the rollerxfcx&a stage is commonly used; in the absence of agreement between the parties, the measurement is invariably made at the place of shipment or of the seller, but the buyer has the privilege of remeasuring it when he receives it; when there are rejections it is sufficient to tally the portion retained, but the part rejected is frequently tallied; variations in tally frequently occur; the Poltervent Lumber Company, for which witness works, measures lumber by rollers and at the mill; the roller-stage is used very frequently; in case of difference he would give the rod measure preference every time.
He have no hesitation in saying that the preponderance of the testimony is with the plaintiff. Four witnesses took the tally of every piece of lumber that left Madisonville to go to Mobile, and upon the sum of their tally this suit is predicated.
There is nothing to awaken a suspicion of the correctness of their count dr of their credibility; it was not with them a question of memory but of contemporaneous record. They h&d no interest in padding or falsifying those records; the presumption is that what they wrote down was the truth.
Iff we believe the defense, these men would have exagerated the number of feet of lumber put upon these barges, either through error or mallce/to the extent of 15,711 feet. There is nothing in the testimony to jxA justify such a reflection upon *91 them- On the other hand, there is-no. positive testimony on the part of the defendants as to the quantity of lumber retained by them. Two inspectors measured the lumber for the defendants. Meeker and Sullivan. Meeker alone testified. He measured only a part of the lumber retained by the defendants. He does not know how much Sullivan measured. Sullivan may have measured and retained the difference which plaintiff says defendants received. Why was he not examined or accounted for?
An attempt was made to discredit the roller-stage system in use at plaintiff's mill. But the evidence is that it is the system prevailing in other large and creditable mill3 and upon the New Basin. The accuracy of the measurement however is supported in this case. Plaintiff's detailed hill annexed to his petition charges the defendants with 3118 pieces of 1x4 equal to 15,085 feet all of which defendants retained. Meeker's figues tally with this count to the foot. Silva's testimony upon this point is as follows:
ft. And you have never seen a roller-stage and a rod measurement come out exactly?
A. Hot to my knowledge.
Q. What would you say if you did see such a record -made?
A. I would say that the man who handled the lumber at the head of the sta^e was extra careful, and the man that tallied the lumber was more than accurate — more than accurate.
We have no reason to doubt that plaintiff's tallymen were all equally accurate.
Judgment affirmed.